IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DENNIS BARRON,

                Plaintiff,                            Civ. No. 08-1481-AC

       v.                                       OPINION AND ORDER

HARTFORD UNDERWRITERS
INSURANCE COMPANY, a Connecticut
corporation,

                Defendant.

_____

ACOSTA, Magistrate Judge:

      Defendant Hartford Underwriters Insurance Company ("Defendant") filed this motion on March 20, 2009. In its motion Defendant states that "it does not consent to a Magistrate Judge to preside over this matter," and asks that the case be reassigned to a district judge. Defendant cites

OPINION AND ORDER                             1                             {JVA}

to "FRCP 73," but provides no other legal authority and no documents in support of its motion. Because the reasons offered in support of Defendant's motion do not satisfy the requirements of the civil rules, the motion is denied.

*Background*

This case involves a simple breach of insurance contract claim. The parties dispute whether Defendant's homeowners insurance policy covers Plaintiff Dennis Barron's ("Plaintiff") flood-related property damage caused during the December 2007 floods in Vernonia, Oregon. Plaintiff's three-page complaint alleges that Defendant has "failed and refused" to pay under the policy after Plaintiff demanded payment. Plaintiff seeks the $150,000 policy amount, interest on that amount, and attorney fees and costs.

Plaintiff filed his case in December 2008. Defendant submitted its answer in March 2009 and amended that answer in April 2009. The court file discloses no other activity bearing on the merits of the parties' dispute or any motion or request for the court to rule on any other matter.

*Standards*

Federal Rule of Civil Procedure 83(a)(1) expressly authorizes a district court to "make and amend rules governing its practice." This district has established the following local rule:

> The Court designates every magistrate judge to conduct all pretrial proceedings contemplated by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72, without further designation or assignment from the court.

*District of Oregon, Local Rules of Civil Practice*, Rule 72.1 (2006).

Local Rule 72.1 is consistent with the statutory grant of authority to federal magistrate judges and to district judges to refer matters to magistrate judges. Under 28 U.S.C. § 636(b)(1)(A), "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the

court[.]" Under § 636(b)(1)(B), "a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations[.]" Also, "[a] magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3). Finally, "[e]ach district court shall establish rules pursuant to which the magistrate judges shall discharge their duties." 28 U.S.C. § 636(b)(4).

The circumstances that require party consent to jurisdiction by magistrate judge are addressed by both the United States Code and the Federal Rules of Civil Procedure. Under 28 U.S.C. § 636(c)(1) and (2), parties may, but cannot be required to consent to jurisdiction by magistrate judge. *See also* FED. R. CIV. P. 73(b)(2) ("A district judge, magistrate judge, or other court official may remind the parties of the magistrate judge's availability, but must also advise them that they are free to withhold consent without adverse substantive consequences."). However, even if consent by all parties is not given in a case, the district court may continue to assign to a magistrate judge responsibility for hearing and ruling on all or any part of the proceedings in the case, provided that the magistrate judge makes findings and recommendations to the district judge on dispositive motions and issues. *See Ramirez v. Guinn*, 2008 WL 797619, at *2 (9th Cir. Mar. 24, 2008) ("Because the magistrate judge issued only findings and recommendations and not dispositive orders, the parties' consent to the magistrate judge's designation was not required."); *Estate of Conners by Meredith v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993) ("Under 28 U.S.C. § 636(b)(1)(A), a district judge may designate a magistrate judge to hear any nondispositive pretrial matter pending before the court. Pursuant to section 636(b)(1)(B), a district judge may authorize a magistrate judge to 'conduct hearings, including evidentiary hearings, and to submit to a judge of

the court proposed findings of fact, and recommendations for the disposition' of motions that the magistrate cannot dispose of under section 636(b)(1)(A)."). This court's procedure implementing its Local Rule parallels both the statutory grant of authority and the Ninth Circuit's interpretation and application of the statute. *See* "Consenting to Magistrate Judge Jurisdiction in the District of Oregon," at 2, May 30, 2008, available at http://www.ord.uscourts.gov/RoleofUSMagistrate.pdf ("Even if all parties do not consent to Magistrate Judge jurisdiction, the assigned Magistrate Judge will be responsible for all case management and scheduling activities, will hear and decide all non-dispositive pretrial and discovery matters, and will consider dispositive motions by issuing Findings and Recommendations. See also Fed. R. Civ. P. 72.").

Any party may object to the assignment of a magistrate judge to a matter, but to gain reassignment the objecting party must make the showing required by Federal Rule of Civil Procedure 73. Subsection (b)(3) of the rule, which is entitled "Vacating a Referral," provides: "On its own for good cause – or when a party shows extraordinary circumstances – the district judge may vacate a referral to a magistrate judge under this rule." The Ninth Circuit has read the rule to mean exactly what it states. *See, e.g., Wolde-Giorgis v. Christiansen*, 2009 WL 118075, at *1 (9th Cir. Jan. 9, 2009) ("As to the motion to re-assign the case or to allow Wolde-Giorgis to withdraw his consent to a magistrate judge, Wolde-Giorgis did not show good cause or extraordinary circumstances." (citing 28 U.S.C. § 636(c)(4))). Although Rule 73(b)(3) does not identify or define what circumstances constitute "good cause" for the court or "extraordinary circumstances" for the party, it is evident from the Ninth Circuit's cases in this area that these terms do not encompass either the mere assignment of a magistrate judge to a case or a party's preference to have a district judge preside over that case. *See, e.g*, *Anderson v. Woodcreek Venture, Ltd.*, 351 F.3d 911, 917 (9th

Cir. 2003) ("Rule 73 implements the procedural protections envisioned in 28 U.S.C. § 636(c), and therefore only addresses the prerequisites of a magistrate judge-conducted *trial* or magistrate-issued *dispositive order*. Notwithstanding subsection 636(c), the magistrate judge's jurisdiction over any *pretrial nondispositive* matters, including magistrate-recommended dispositions, is not contingent on litigant consent[.]") (emphasis in original). More likely, Rule 73's criteria were intended to include or equate to circumstances that would warrant disqualification to hear a case, such as those found in 28 U.S.C. § 144 (allowing party to file affidavit in good faith and containing "the facts and the reasons" challenging the judge assigned to the case based on the judge's "personal bias or prejudice" against the party or in favor of an adverse party); 28 U.S.C. § 455(a) ("Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."); and 28 U.S.C. § 455(b) (setting forth specific grounds warranting disqualification based on bias, prejudice, familial relationship, or financial interest).

*Discussion*

Defendant's motion fails to meet the requirements of Rule 73, as it makes no showing of the "extraordinary circumstances" under Rule 73 that justify its request to reassign this case to a district court judge. Rather, Defendant offers only the explanation that it "does not consent to a Magistrate Judge to preside over this matter[.]" A party's consent, however, is not a necessary precondition to a district's referral of matters to a magistrate judge. Furthermore, Defendant's motion neither references Rule 73(b)(3)'s standard nor sets forth specific facts or reasons from which it could reasonably be inferred that "extraordinary circumstances" exist to warrant reassigning this case to a district judge. A party's decision not to consent to jurisdiction by magistrate judge is an option

preserved by statute, but withholding that consent does not affect a district's power and authority to refer its cases, in whole or in part, to its magistrate judges to perform functions consistent with those set out in 28 U.S.C. § 636 and the cases that have construed that statute. Accordingly, Defendant's motion is denied.

## *Conclusion*

Defendant's motion to request case be assigned to district court judge (#5) is DENIED.

DATED this 10th day of April, 2009.

                                                       /s/ John V. Acosta
                                                      JOHN V. ACOSTA
                                        United States Magistrate Judge